# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEBORAH JOAN SMALL EL-BEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-19-186 |
| ANDY CERERE  *President of U.S. Bank National Assoc.* | * | |
| | * | |
| Defendant | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Deborah Joan Small El-Bey ("El-Bey"), filed her complaint on January 18, 2019, alleging the bank foreclosed on her home fraudulently because "[t]he holder in due course of the Note never came forward even when proof of claim was challenged." ECF No. 1 at p. 4. El-Bey has not paid the filing fee or filed a Motion to Proceed in Forma Pauperis. Because the complaint must be dismissed, however, the Court will not require El-Bey to take any further action regarding payment of the filing fee.

The Complaint particularly avers that even though "US bank had no Note Assignment," the Bank nevertheless instituted foreclosure proceedings in January of 2016, resulting in El-Bey's eviction on December 27, 2016. *Id*. Plaintiff asks this Court to vacate the "void judgments" issued by the State Circuit Court; remove all liens, derogatory credit reports, and "derogatory judicial information" resulting from the foreclosure; return of the foreclosed property to El-Bey; award monetary damages; and return of the original promissory note and mortgage deed of trust to El-Bey. *Id*.

El-Bey includes correspondence from the United States Department of Justice dated November 30, 2016, regarding her claims that US Bank had engaged in mortgage fraud and

trespass.  ECF No. 1-2 at p. 3.  The letter references the Circuit Court for St. Mary's County docket[1] reflecting that the foreclosure became final in January 2016, the property was sold in the summer of 2016 pursuant to a court order, and El-Bey's eviction became final on November 2, 2016.  *Id*.  Because the foreclosure has been fully effected, and El-Bey no longer retains possession of the property, the Complaint must be dismissed as moot.

Article III of the United States Constitution limits the judicial power to "actual, ongoing cases or controversies."  *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990) (citations omitted).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Already, LLC v. Nike, Inc*., 568 U.S. 85, 91 (2013) (internal quotation marks omitted).  A declaratory judgment is proper only where the such order does not amount to "an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts."  *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242, 242 (1937); *see also Md. Cas. Co. v. Pac. Coal & Oil Co*., 312 U.S. 270, 273 (1941).

In exceptional circumstances not present here, the Court may reach a moot claim where the claim is "capable of repetition, yet evading review."  *Fed. Election Comm'n v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). *See also Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007).  This exception arises where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

---

1  The letter cites *Clarke, et al. v. El Bey*, Civ. No. C16000119 (St. Mary's Co. Cir. Ct.) as the case for Plaintiff's foreclosure.  The correct case number, however, is 18-C-16-000119, which indicates Plaintiff's appeal was dismissed as untimely.  *See* http://casesearch.courts.state.md.us/inquiry.

El-Bey's claims are moot because she seeks adjudication over property in which she no longer holds a legal interest. The foreclosure has been fully adjudicated, the property has been transferred to another party, and the title to the property is no longer a "live" case or controversy. Nor does any evidence suggest that any exception to the mootness doctrine applies here. For these reasons, and by separate Order which follows, the complaint is dismissed.

| | |
|---|---|
|     2/1/19     |     /S/     |
| Date | Paula Xinis<br>United States District Judge |